Opinion filed April 12,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00202-CV 

                                                    __________

 

                         IN
THE INTEREST OF A.J.J.M., A CHILD



 

                                   On
Appeal from the 32nd District Court

 

                                                          Mitchell
County, Texas

 

                                                     Trial
Court Cause No. 15,650

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court entered an order terminating the parental rights of A.J.J.M.’s
mother and father.  The mother (appellant) has filed a notice of appeal from
the termination order.  A.J.J.M.’s father, who voluntarily relinquished his
rights, has not filed an appeal.  We affirm.  

Issue

            Appellant
presents a single issue for review.  In that issue, she asserts that the
evidence is legally and factually insufficient to support the finding that
termination is in the best interest of A.J.J.M.  

Legal
and Factual Sufficiency

            Termination
of parental rights must be supported by clear and convincing evidence.  Tex. Fam. Code Ann. § 161.001 (West Supp.
2011).  To determine on appeal if the evidence is legally sufficient in a
parental termination case, we review all of the evidence in the light most
favorable to the finding and determine whether a rational trier of fact could
have formed a firm belief or conviction that its finding was true.  In re
J.P.B., 180 S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is
factually sufficient, we give due deference to the finding and determine
whether, on the entire record, a factfinder could reasonably form a firm belief
or conviction about the truth of the allegations against the parent.  In re
C.H., 89 S.W.3d 17, 25–26 (Tex. 2002).  

            To
terminate parental rights, it must be shown by clear and convincing evidence
that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T)
and that termination is in the best interest of the child.  Section 161.001. 
In this case, the trial court found that appellant committed three of the acts
listed in Section 161.001(1).  The trial court found that appellant had engaged
in conduct or knowingly placed A.J.J.M. with persons who engaged in conduct
that endangered his physical or emotional well-being, that appellant had
constructively abandoned A.J.J.M., and that appellant had failed to comply with
the provisions of a court order stating the actions necessary for her to obtain
the return of A.J.J.M.  See Section 161.001(1)(E), (N), (O).  Appellant
does not challenge the findings made pursuant to Section 161.001(1).  Any one
of these unchallenged findings was sufficient to support termination as long as
termination was shown to be in A.J.J.M.’s best interest.  See Section
161.001.  The trial court also found that termination was in A.J.J.M.’s best
interest.  See Section 161.001(2).  

The
question before us is whether the best interest finding is supported by legally
and factually sufficient evidence.  With respect to the best interest of a
child, no unique set of factors need be proved.  In re C.J.O., 325
S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).  But courts may use the
non-exhaustive Holley factors to shape their analysis.  Holley v.
Adams, 544 S.W.2d 367, 371–72 (Tex. 1976).  These include, but are not
limited to, (1) the desires of the child, (2) the emotional and physical needs
of the child now and in the future, (3) the emotional and physical danger to
the child now and in the future, (4) the parental abilities of the individuals
seeking custody, (5) the programs available to assist these individuals to
promote the best interest of the child, (6) the plans for the child by these
individuals or by the agency seeking custody, (7) the stability of the home or
proposed placement, (8) the acts or omissions of the parent that may indicate
that the existing parent-child relationship is not a proper one, and (9) any
excuse for the acts or omissions of the parent.  Id.  Additionally,
evidence that proves one or more statutory grounds for termination may also
constitute evidence illustrating that termination is in the child’s best
interest.  C.J.O., 325 S.W.3d at 266.  

            On January
20, 2010, appellant’s children were removed from her care.  Appellant
subsequently voluntarily relinquished her rights to her two daughters in favor
of relatives with whom the girls had been living.  At the final hearing in this
case, the Department of Family and Protective Services sought to terminate
appellant’s parental rights to her son, A.J.J.M.  Appellant, her probation
officer, and the Department caseworker testified at that hearing.  The
Department’s caseworker was of the opinion that terminating appellant’s
parental rights would be in A.J.J.M.’s best interest.

The
record shows that appellant was arrested for forgery on the day that the
children were removed from her care and that, on the date of the final hearing
in this case, appellant was incarcerated for violating her probation.  A motion
to revoke her probation was pending. 

A.J.J.M.
was and is medically fragile; he was born with a congenital heart defect,
tricuspid atresia.  He had surgery shortly after birth to place a shunt in his
heart.  Appellant was informed at that time that A.J.J.M. would need a second
heart surgery.  Appellant failed to obtain the needed second surgery.  Upon
removal, A.J.J.M. was “basically navy blue” and was immediately taken to the
hospital, where it was discovered that his blood oxygenation level was
dangerously low due to poor blood flow.  His heart had grown over the shunt,
and the blood flow through the shunt had decreased to “smaller than a piece of
pencil lead.”  Open heart surgery was performed as soon as possible to remove
the shunt and reroute arteries.  Appellant admitted that A.J.J.M. was having
extreme health issues at the time of his removal and that, if he had not been
taken to the doctor, he could have died.  There was evidence that the lack of
oxygen subsequently caused A.J.J.M. to exhibit mild mental retardation.  When
he was removed, A.J.J.M. also suffered from an infected G-button feeding tube and
bruising above his left eye. A.J.J.M. was filthy, and appellant’s home was
unsanitary and infested with roaches.

Appellant
had no means of transportation and visited A.J.J.M. only twice in the sixteen
months between removal and the final hearing.  She also failed to comply with
about half of the requirements set out in her family service plan.  Appellant
tested positive for cocaine while this case was pending, and she had used
cocaine while pregnant.  Appellant admitted that she had a drug problem, that
her drug habit affected her ability to comply with the court-ordered service
plan and to adequately parent her children, and that she had refused to seek
drug treatment despite the efforts of the Department.  Appellant agreed at the
final hearing that she still was not able to take care of A.J.J.M.; however,
she stated that, if she were given additional time, she would seek drug
treatment and would be able to take care of A.J.J.M. in the future.

            The
record shows that A.J.J.M. had been placed with foster parents who were
attending to all of his medical and emotional needs, who thought that A.J.J.M.
“hung the moon,” and who wanted to adopt him.  A.J.J.M. was progressing and
doing well in his foster home.  He had bonded with his foster family, and he
became hysterical when his foster mother left during one of appellant’s visits
with A.J.J.M.  Having a stable home with someone who can properly care for
A.J.J.M., who ensures that A.J.J.M. receives necessary medical care, who has
bonded with A.J.J.M., and who has demonstrated adequate parenting skills is in
A.J.J.M.’s best interest.  

Based
upon the evidence in the record, we cannot hold that the best interest finding
is not supported by clear and convincing evidence; the trial court could reasonably
have formed a firm belief or conviction that appellant is unable to
appropriately parent A.J.J.M. and that it would be in A.J.J.M.’s best interest for
appellant’s parental rights to be terminated.  Thus, the evidence is both
legally and factually sufficient to support the finding that termination of
appellant’s parental rights is in the best interest of A.J.J.M.  Appellant’s sole
issue is overruled.  

This
Court’s Ruling

            We
affirm the trial court’s order terminating the parental rights of A.J.J.M.’s mother.
 

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

April 12, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.